UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SALLY K. GUY,

       Plaintiff,

     v.                                                Civil No. 07-1848-HA

                                                         OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

---

HAGGERTY, Chief Judge:

      Plaintiff Sally K. Guy seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is affirmed.

1- OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

2- OPINION AND ORDER

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3- OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

4- OPINION AND ORDER

**FACTS**

The relevant facts, which are drawn from the extensive administrative record and the ALJ's decision, are summarized here. Plaintiff was thirty-nine years old at the alleged disability onset date and forty-two years old at the time of the ALJ's decision. Plaintiff did not complete high school but has a general equivalency diploma. Plaintiff has past relevant work experience as a pizza deliverer, culinary assistant, and assistant restaurant manager.

Plaintiff protectively applied for benefits on January 5, 2004, alleging disability beginning January 20, 2003, from physical impairments including left shoulder bursitis, back pain, neck pain, a limited range of motion in her neck, a cervical strain, asthma, migraine headaches, and acid reflux. Plaintiff's application was denied initially and on reconsideration. Plaintiff had two hearings with ALJs which were closed prematurely and continued. On May 9, 2006, the ALJ conducted a third hearing at which she heard testimony from plaintiff, who was represented by counsel, and a vocational expert (VE).

On July 26, 2006, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

**SUMMARY OF ALJ'S FINDINGS**

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 17, Finding 2.[1]

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

At step two, the ALJ found that plaintiff had the following medically determinable severe impairments: cervical strain, back pain consistent with strain, and left shoulder bursitis. Tr. 18, Finding 3.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 19, Finding 4.

The ALJ determined that plaintiff's RFC permitted her to walk occasionally, lift a maximum of ten pounds, and required her to avoid reaching. Additionally, the ALJ determined that plaintiff's RFC required her to alternate between sitting and standing and that she could sit or stand for one-half hour to one hour at a time. Tr. 19, Finding 5.

At step four, the ALJ found that plaintiff was incapable of performing her past relevant work. Tr. 22, Finding 6.

At step five, the ALJ consulted with the VE and found plaintiff could perform work as a surveillance system monitor, a job that exists in significant numbers in the national economy. Tr. 23, Finding 10.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further proceedings, or for an award of benefits, due to a number of alleged errors including: (1) improperly rejecting plaintiff's subjective symptom testimony; (2) improperly assessing plaintiff's RFC; and (3) relying on VE testimony regarding plaintiff's employability that deviated from applicable standards.

6- OPINION AND ORDER

**1.     Plaintiff's Testimony**

Plaintiff asserts that the ALJ erred in evaluating her subjective symptom testimony. The Ninth Circuit set out a threshold test in *Cotton v. Bowen* to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony. *See* 799 F.2d 1403 (9th Cir. 1986); *see also Bunnell*, 947 F.2d at 342.

Under *Cotton*, a claimant who alleges disability based on subjective symptoms must meet a two-part test. First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'" *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *see also Cotton*, 799 F.2d at 1407. Second, he or she must show that the impairment or combination of impairments could reasonably be expected to produce some degree of the alleged symptoms. If the claimant produces evidence that meets both prongs of the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ found that the plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. at 20. Because the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, the ALJ was required to provide clear and convincing reasons for rejecting her subjective symptom testimony. *Dodrill*, 12 F.3d at 918.

The ALJ identified a number of reasons for rejecting plaintiff's symptom testimony. The ALJ noted that plaintiff had numerous medical examinations with unremarkable results,

7- OPINION AND ORDER

undermining her allegations of disability. Tr. 20-22. The ALJ cited Dr. Carlson's opinion that plaintiff "could return to work eight hours per day" with some limitations. Tr. 21. In addition, the ALJ noted that plaintiff's allegations of disability were inconsistent with statements she made to Drs. Carlson and Chou regarding her perceived limitations and reported progress. Tr. 21. This court concludes the ALJ offered clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's symptom testimony.

### 2. Plaintiff's RFC

Plaintiff argues that the ALJ improperly evaluated her RFC. In particular, plaintiff alleges that she has a limited range of cervical motion and is unable to turn her head. Had the ALJ incorporated the alleged limited cervical range of motion into plaintiff's RFC, plaintiff contends that she would have been found to be precluded from performing the job identified by the VE at Step Five.

In her memorandum to this court, plaintiff did not put forth medical evidence that establishes her limited range of cervical motion, but rather argues that the ALJ should have credited her subjective symptom testimony. As discussed above, the ALJ properly discounted that testimony. In her reply brief, plaintiff points to one report from Dr. Carlson that states plaintiff's "[a]ctive cervical spine range of motion is also restricted." Tr. 178. The ALJ was not required to determine that plaintiff is unable to move her head based on such limited evidence. The ALJ's RFC determination was founded on substantial evidence in the record and is upheld by this court.

### 3. Vocational Evidence

Plaintiff argues that it was legal error for the ALJ to rely on VE testimony that was inconsistent with the Dictionary of Occupational Titles (DOT).

8- OPINION AND ORDER

A VE's "recognized expertise provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). At the hearing, the VE testified that plaintiff could not return to her past relevant work in light of her age, education, work experience, and RFC. However, the VE testified that plaintiff could perform work as a surveillance system monitor, a job that exists in significant numbers in the national economy. Tr. 353-55.

The opinion of a VE regarding the number of available jobs may be based on documents available to the expert, including federal government bulletins, occupational information received from state employment services, local newspapers, and trade journals. At plaintiff's hearing, the VE explained that he determined the availability of surveillance system monitoring jobs in the economy by referring to the DOT, in conjunction with other resources and his own experience. Tr. 357-60. The VE testified that the DOT does not provide the specific number of jobs for surveillance system monitors, but rather provides the number of jobs in the larger security guard category from which a VE must use other information to arrive at a smaller number. Tr. 356-57. The VE further testified that not all security system monitoring jobs exactly meet the description of the job in the DOT, but that each job would have "to be looked at almost on a case by case basis to see the differences within specific jobs." Tr. 359.

Plaintiff argues that the VE's testimony was inconsistent with the DOT and therefore did not constitute substantial evidence on which the ALJ could rely. Plaintiff's argument is without merit. The DOT is a general reference tool that could not possibly describe each and every job in the national economy with perfection. The VE's admission that not all of the security system monitoring jobs in the national or regional economy exactly matched the DOT description, does

9- OPINION AND ORDER

not in any way detract from the VE's testimony. The VE's testimony constituted substantial evidence and was appropriately relied upon by the ALJ.

## **CONCLUSION**

Based on the foregoing, this court concludes that the findings of the Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record. The Commissioner's decision denying Sally K. Guy's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this  5   day of January, 2009.


                                             /s/ Ancer L. Haggerty   

                                              Ancer L. Haggerty
                                      United States District Court